```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Samuel J. Marotta,             :

      Plaintiff,          :

   v.                          :       Case No.  2:16-cv-1022

                                        :       JUDGE MICHAEL H. WATSON
First Step Group, LLC,         :       Magistrate Judge Kemp

      Defendant.          :

### REPORT AND RECOMMENDATION

Plaintiff Samuel J. Marotta has filed an application for leave to proceed in this case *in forma pauperis*, and he has not paid the otherwise-required $400.00 filing fee.  The question before the Court is whether he is entitled to proceed without paying the fee, or whether the Court should require him to pay the fee in order to maintain this lawsuit.

The Court set out this legal test in Bush v. Ohio Dept. of Rehabilitation and Correction, 2007 WL 4365381, *1 (S.D. Ohio Dec. 19, 2007):

> A party need not be completely without funds in order to qualify either to file a case or take an appeal in forma pauperis. The Courts which have interpreted the applicable statute, 28 U.S.C. § 1915, do not require a party "to choose between abandoning a potential meritorious claim or foregoing the necessities of life. Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir. 1983). Rather, an applicant qualifies for in forma pauperis status if he or she cannot "pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

In that case, the Court also observed that "*[i]n forma pauperis*

status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee." The Court denied pauper status to the applicant in that case based upon the fact that he had a substantial annual income, owned a home and two automobiles, and had no extraordinary expenses.

The financial affidavit filed in this case is similar. Plaintiff is employed, earns substantially more than minimum wage, owns a vehicle and some artwork which may be valuable (the application does not place a value on it), and has a positive bank balance. He has no dependents. Although he has financial obligations, like the plaintiff in Bush, they do not appear to be out of the ordinary, and the application does not say how much he pays, on a monthly basis, for any of those obligations besides rent, utilities, and car insurance. The Court does not believe that paying the filing fee in this case would force Mr. Marotta to forego buying life's necessities.

The Court notes that Mr. Marotta filed three civil actions in this Court on either October 25, 2016 or October 26, 2016: this case; Marotta v. Portfolio Recovery Associates, LLC, Case No. 16-cv-1023; and Marotta v. The Revenue Group, Inc., Case No. 16-cv-1025. In the latter case, his motion for leave to proceed *in forma pauperis* was granted; in the former, the assigned Magistrate Judge has recommended that it be denied. That demonstrates that, on identical facts, individual judges can apply a legal standard like the one governing *in forma pauperis* applications differently, since the standard calls for the application of some measure of discretion. Giving due regard to those decision, this Magistrate Judge concludes that Mr. Marotta

-2-

has not demonstrated an entitlement to proceed without paying the filing fee, and recommends that his motion (Doc. 2) be denied. Should this recommendation be accepted, he should be directed to pay the fee within thirty days or face dismissal.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge